RECEIVED

DEC 2 3 2004

CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DDB TECHNOLOGIES, LLC.,               )
                                      )
          Plaintiff,                  )
                                      )
vs.                                   )
                                      )     Civil Action No. A04 CA 352  LY
MLB ADVANCED MEDIA, LP.,              )
                                      )
          Defendant.                  )
                                      )
_____ )

## ▇▇▇▇▇▇▇ PROTECTIVE ORDER

*WHEREAS Plaintiff DDB Technologies, LLC ("DDB") and Defendant MLB Advanced Media, LP ("MLBAM") are Parties to the above-referenced litigation;*

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

It is hereby ORDERED that:

1.  All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.  "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document,

011.1235948.1

41

information contained in a document, information revealed during a deposition, information revealed in a meeting between the parties or their representatives, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to that information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

3. "Qualified Persons," as used herein means:

  a. Attorneys of record for the parties in this litigation and employees of such attorneys, independent outside vendors used in connection with the litigation, (limited to copy vendors, litigation support specialists, trial graphic services and the like), and relevant judicial officers and their staff, to whom it is necessary that the classified information be shown for purposes of this litigation;

  b. Independent (i.e., not a party or anyone in any way affiliated with a party) technical experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of Classified Information to such persons, and who have executed a Confidentiality Undertaking in the form attached hereto, as further provided in paragraph 7;

  c. One party representative specified below who shall, prior to any disclosure of "Confidential" information, execute a Confidentiality Undertaking in

2

the form attached hereto (such signed document to be served forthwith on the attorney representing the opposing party);

   i.    for DDB:  David Barstow;

   ii.    for MLBAM: Justin Shaffer;

Classified Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall not be shown to the individuals identified in this sub-paragraph (c), unless explicitly authorized by another portion of this Protective Order;

   d.    Such other person as may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4.    Documents produced in connection with this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by so marking each page of the document(s) so designated.

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged.  Originals shall be preserved for inspection.

5.    Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation or (b) the deposition of a third party (which information pertains to a party), or (c) any meeting between the parties and/or their representatives, may be designated by that party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes

011.1235948.1

Only") information by indicating on the record at the deposition that the testimony (or portion thereof) is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

Any party may also designate information disclosed at any such deposition "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter.  Each party shall thereafter attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.  All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript., unless the parties agree otherwise.

6.      Access to Classified Information:

(a)     "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.  Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted to *only* those Qualified Persons described in paragraphs 3(a) and (b) above.

(b)     Any documents produced in this litigation which are provided to Qualified Persons shall be maintained within the office of such Qualified Person and not further disseminated.  They shall be returned along with any notes relating thereto (or destroyed, provided that such destruction is certified thereto), at the conclusion of the litigation Copies of documents produced

4

under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

7.  Before counsel for a non-designating Party may disclose Classified Material to a person described in paragraph 3(b) above, that counsel shall provide the person with a copy of this Protective Order and shall obtain an executed Confidentiality Undertaking in the form attached hereto.  At least ten (10) business days prior to providing or showing Classified Material to a person described in paragraph 3(b) above, counsel shall also serve opposing counsel with a copy of the executed Confidentiality Undertaking and a current curriculum vitae of the person via facsimile or overnight courier.  If the designating Party has objection to the person's viewing its Classified Material, the designating Party shall serve a written objection setting forth the basis of the objection within ten (10) business days of receipt of the Confidentiality Undertaking and curriculum vitae.  With regard to such objection, no motion for appropriate relief shall be filed until the Parties have had at least one meeting or teleconference to reach an agreement.  No disclosure shall occur in the interim, until the parties reach agreement or the Court rules.

8.  Documents previously produced may be retroactively designated by notice in writing of the designated class of each document by Bates number.  Documents retroactively designated shall be treated in accordance with the terms of this Protective Order from the date written notice of the designation is provided to the receiving party.

9.  Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

10. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the ""Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

11. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with a designation made, or with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the following procedure shall be utilized:

011.1235948.1

a.      The Party challenging a designation shall give counsel of record for the designating Party notice thereof, in writing (by facsimile or next business day courier delivery), specifying the documents, things, or information for which the Party challenges the designation and the reasons for the request. The other Party shall then respond in writing within ten (10) business days.

b.      If the Parties cannot reach agreement concerning the matter, then the Party challenging the designation must file and serve a motion with the Court seeking to remove the protection of this Order. The designated material shall continue to be Classified Material (per the respective designation) until the issue is resolved by Order of the Court or by agreement of the Parties

c.      On any motions arising out of the designation of any material as Classified Material under this Protective Order, the burden of justifying the designation shall lie with the designating Party.

11.    The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

12.    Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which, if disclosed, would reveal non-public, proprietary and significant technical or business information of the producing or designating party, and which information is believed to be unknown to the

7

opposing party or parties. Nothing shall be designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

    a.    Is in the public domain at the time of disclosure, as evidenced by a written document; or

    b.    Becomes part of the public domain through no fault of the party, as evidenced by a written document; or

    c.    The receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    d.    The receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

13.    In the event a party wishes to use "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court with a label providing for same. The Clerk of this Court is directed to maintain under seal all documents and things (including transcripts of court proceedings) filed under seal.

14.    Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Inadvertent production of documents or

011.1235948.1

information shall be handled as follows, but is without prejudice to the right of any Party

to apply to the Court for further protection or disclosure relating to discovery:

a. Immediately after receiving written notice from the producing Party that documents or information subject to the attorney-client privilege, work product immunity, or otherwise immune from discovery have been inadvertently produced, the receiving Party shall not review, copy or disseminate such documents or information, and, subject to the subparagraph 14.b below, the receiving Party shall return such documents or information and any copies to the producing Party within ten (10) business days.

b. If the receiving Party has a good faith basis for challenging the claim of privilege, it shall serve a written objection setting forth the basis of its challenge within ten (10) business days of returning the documents. Upon the receiving Party's objection, the other Party shall respond in writing within ten (10) business days. No motion for appropriate relief shall be filed until the Parties have had at least one meeting or teleconference to reach an agreement.

c. Once a document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing Party has ten (10) business days from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to

011.1235948.1

provide notice within ten (10) business days shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

15.  Within one-hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents (including notes), in the possession of any of the persons qualified under Paragraphs 3(a) through (d) shall be returned to the producing party (or destroyed and their destruction certified thereto), except as this Court may otherwise order or to the extent such information was used as evidence at trial and had the confidentiality designation removed during trial.  To the extent the provisions of this Order and any other protective orders entered in this action restrict the communication and use of Classified Information, such orders shall continue to be binding after the conclusion of this litigation, except that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

16.  Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

17.  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on material designated as "Confidential" or "Outside Attorneys' Eyes Only", provided, however, that in rendering such advice counsel shall not disclose, reveal, or describe the content of any

material so designated except insofar as allowed (if allowed at all) under the terms of this Protective Order.

18.    Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

19.    Notices under this Order shall be to the parties as follows to their counsel at their addresses indicated below, unless this provision is modified by the parties in writing: notice to MLBAM shall be to Sharon R. Barner, Anat Hakim and James McKeown and notice to DDB shall be to Michael H. Baniak, Michael D. Gannon and Christina L. Brown.

20.    This Protective Order shall survive and continue to be binding after the conclusion of this action.  The Court shall retain jurisdiction to enforce this Order.

21.    Any violation of this Protective Order may constitute a contempt of court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

Dated: December ___, 2004          By: _____
                                        Ross Spencer Garsson
                                        Texas State Bar Number 00784112
                                        WINSTEAD, SECHREST & MINICK, PC
                                        100 Congress Avenue, Suite 800
                                        Austin, TX 78701
                                        (512) 474-4330
                                        (512) 370-2850 Facsimile

Michael H. Baniak
Michael D. Gannon
Christina L. Brown
BANIAK, PINE & GANNON
150 N. Wacker Drive Suite 1200
Chicago, IL 60606
(312) 673-0360
(312) 673-0361 Facsimile

ATTORNEYS FOR PLAINTIFF

Dated:  December ___, 2004      By: _____

Hal L. Sanders
F. Witcher McCullough III
Haynes and Boone
600 Congress Avenue
Suite 1300
Austin, TX  78701
(512) 867-8400
(512) 867-8470 Facsimile

Sharon R. Barner
Anat Hakim
James T. McKeown
FOLEY & LARDNER LLP
321 North Clark
Suite 2800
Chicago, Illinois  60610-4764
(312) 832-4500
(312) 832-4700 Facsimile

ATTORNEYS FOR DEFENDANT

IT IS SO ORDERED this _4th_ day of _February_ , ~~2004~~ 2005.


_[signature]_

Honorable Lee Yeakel
United States District Court
Western District of Texas

011.1235948.1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DDB TECHNOLOGIES, LLC.,     )
      )
      Plaintiff,     )
      )
vs.     )
      )    Civil Action No. A04 CA 352
MLB ADVANCED MEDIA, LP.,     )
      )
      Defendant.     )
      )
_____)

## CONFIDENTIALITY UNDERTAKING

     I, _____, being first duly sworn on oath, depose and

say: that I reside at _____; that

I am employed by _____ in the

capacity of _____; that I have read a copy of the Protective Order

entered in this case on _____, 2004; that I recognize that during my participation in

this case, I may have occasion to read or hear matters that are designated as classified; that I

agree not to disclose any such classified information to any person not entitled to receive

disclosure of the same under the provisions of such Protective Order; that I agree to use any such

classified information solely for the purposes of the captioned litigation.  This includes, but is not

limited to, (a) refraining from using such classified information for purposes of prosecuting or

defending any other litigation, action, claim or proceeding, or for the purpose of competing with

the producing Party, or for any other commercial, research, development, formulation,

reformulation or other business purpose; (b) refraining from disclosing in any other litigation,

action, claim or proceeding or in any regulatory filing submission or communication, including,

14

but not limited to, in any submission to and communication with the U.S. Patent Office; (c) refraining from disclosing to any person not permitted to receive the relevant category of classified information under the terms of this Order; and (d) refraining from using or disclosing in connection with the prosecution of any patents, continuations or foreign counterparts; and that I agree to abide by said Protective Order in every respect.  I understand the penalty for non-compliance may include contempt of court.  Further, I agree to submit to the jurisdiction of this Court for purposes of enforcement of said Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:   _____

Signature:     _____

Name:          _____

011.1235948.1