IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DDB TECHNOLOGIES, L.L.C, | § § | |
| PLAINTIFFS, | § § | |
| V. | § § | |
| MLB ADVANCED MEDIA, LP, | § § | CAUSE NO. A-04-CA-352-LY |
| DEFENDANT. | § § § | |

## ORDER

Before the Court is Defendant's Motion for Entry of Protective Order Regarding Confidential Information (Doc. No. 28). The Court finds that the parties have agreed that a protective order is necessary in this case and have agreed to the substance of the protective order save one issue—whether the parties' in-house counsel should have access to information marked "Counsel Only." Generally, the Court is afforded discretion in determining how far to restrict discovery, including whether to grant or deny protective orders. *Nguyen v. Excel Corp.*, 197 F.2d 200, 209 fn.27 (5th Cir. 1999). The Court's decision whether to grant or deny counsel access to confidential information is made on the basis of counsel's activity, "without regard to whether a particular counsel is in-house or retained." *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1469 (Fed. Cir. 1984). The Court has considered the parties' briefs and argument and determines that the parties' in-house should be allowed access to information marked "Counsel Only." Such counsel is, of course, bound by the protective order that the Court will enter and is bound by the rules of professional conduct not to improperly disclose information such counsel learns about this case. *See Safe Flight Instruments Corp. v. Sundstrand Data Control, Inc.*, 682 F.Supp. 20 (D.Del. 1988).

Defendant has submitted a proposed protective order that comports with the Court's findings; therefore,

**IT IS ORDERED** that Defendant's Motion for Entry of Protective Order Regarding Confidential Information (Doc. No. 28) is **GRANTED.**

SIGNED this _24th_ day of February, 2005.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE