IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

AUG 2 0 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| DDB TECHNOLOGIES, L.L.C, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-04-CA-352-LY |
| | § | |
| MLB ADVANCED MEDIA, L.P., | § | |
| | § | |
| DEFENDANT. | § | |
| | § | |

## ORDER ON MOTION FOR PROTECTIVE ORDER

Before the Court is Defendant MLB Advanced Media, L.P.'s and Non-Party Schlumberger Technology Corporation's Motion for a Protective Order filed July 25, 2008 (Clerk's Document 293), Plaintiff DDB Technologies L.L.C.'s Opposition to Defendant MLB Advanced Media, L.P.'s Motion for a Protective Order filed August 6, 2008 (Clerk's Document 294)[1], MLB and Schlumberger's explanatory letter regarding their Supplemental Motion for a Protective Order filed August 7, 2008 (Clerk's Document 298), and Defendant MLB Advanced Media, L.P.'s and Non-Party Schlumberger Technology Corporation's Reply in Support of their Motion for Protective Order filed August 14, 2008 (Clerk's Document 302). By their motion, MLB Advanced Media, L.P. (MLB) and Schlumberger Technology Corporation (Schlumberger) ask the Court to render a protective order limiting Plaintiff DDB Technologies, L.L.C.'s (DDB) discovery in accordance with the Court's direction at the July 16, 2008 telephonic conference. Having reviewed the motion,

---

[1] DDB sought to file its Opposition under seal. On August 19, 2008, the Court rendered an order granting in part and denying in part that request. The Court has considered the Opposition as filed, but as reflected in the aforementioned order, DDB may withdraw and move to refile a redrafted Opposition if it so desires.

attached exhibits, and related documents, the Court will grant the motion in part and deny it in part.

The Court may render a protective order limiting the scope of discovery. *See generally* Fed. R. Civ. P. 26(c). "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c)(1). Specifically, the Court may issue an order forbidding disclosure or discovery of certain information, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A)-(D). Although the subpoena was issued from the Southern District of Texas, this Court has broad power to determine the scope of discovery. *See Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D. N.C. 2001).

This cause is before the Court on remand from the Federal Circuit. On May 20, 2008, the Court conducted a conference with the parties regarding the scope of discovery on remand. DDB served a subpoena on Schlumberger on June 11, 2008, in the Southern District of Texas, which MLB and Schlumberger assert exceeds the scope of the discovery limits set out at the May 20, 2008 conference. Schlumberger produced some documents responsive to the discovery request, but objected to certain categories of documents and information that it states are not relevant to any party's claim or defense on remand. On July 10, 2008, DDB filed a motion to compel discovery responses in the Southern District of Texas. On July 16, 2008, this Court conducted a telephonic conference at which all parties were represented by counsel to discuss Schlumberger's objections to DDB's discovery requests. MDB and Schlumberger now seek an order from the Court limiting DDB's discovery to what was discussed at the July 16, 2008 conference.

Schlumberger objects to four categories of DDB's discovery requests. First, MLB and Schlumberger object to DDB's request for information regarding communications between

Schlumberger and MLB. As MLB and Schlumberger point out, at the May 20, 2008 conference the Court precluded DDB from seeking discovery related to the 2006 assignment agreement between Schlumberger and MLB. At the July 16, 2008 conference, the Court stated that to the extent 2006-assignment-agreement information contains statements as to Schlumberger's position on whether it owned the patent-in-suit or felt Barstow owned the patent, DDB may discover such information. However, it remains the Court's position that DDB generally may not discover other information regarding communications between Schlumberger and MLB since the filing of this action. The Court has further clarified the scope of discovery in telephone conferences with the parties.

Second, MLB and Schlumberger object to DDB's request for information regarding any relationship between Schlumberger (or its employees) and MLB or Major League Baseball (or their employees). At the July 16, 2008 conference the Court denied DDB's request to seek such discovery from Schlumberger. It remains the Court's position that DDB may not discover information regarding relationships between Schlumberger (or its employees) and MLB or Major League Baseball (or their employees).

Third, MLB and Schlumberger object to DDB's request for documents from after Barstow's termination from Schlumberger in November 1994 that do not pertain to the patent-in-suit or Barstow's baseball project. The Court's position at the July 16, 2008 conference was that the only documents from after Barstow's Schlumberger employment that fall within the scope of discovery on remand are those that pertain to the patent-in-suit or Barstow's baseball project. It remains the Court's position that DDB may not discover information from after Barstow's termination from Schlumberger in November 1994 that do not pertain to the patent-in-suit or Barstow's baseball project.

Fourth, MLB and Schlumberger object to the scope of DDB's request for information regarding patents owned by Schlumberger from 1990 to the present. Schlumberger has agreed to produce a list from the Schlumberger patent database of patents owned by Schlumberger issued from 1973 to the present, but disputes that it should have to produce "every piece of paper and bit of information on this issue." The Court agrees that it would be unduly burdensome to require, as DDB requests, that Schlumberger produce "all documents (and/or summaries) that identify all patents owned by Schlumberger from 1990 to the present." DDB may therefore only discover a list of patents from Schlumberger.

**IT IS THEREFORE ORDERED** that Defendant MLB Advanced Media, L.P.'s and Non-Party Schlumberger Technology Corporation's Motion for a Protective Order (Clerk's Document 293) is **GRANTED** to the extent described in this Order and in all other respects is **DENIED**.

SIGNED this _19th_ day of August, 2008.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE