RECEIVED
FEB 26 2010
CLERK
WESTERN ... TEXAS
BY _____ DEPUTY CLERK

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 925

DDB TECHNOLOGIES, L.L.C.,

Plaintiff-Respondent,

v.

MLB ADVANCED MEDIA, L.P.,

Defendant-Petitioner.

FILED
FEB 26 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) from the United States District Court for the Western District of Texas in case no. A: 04-CA-0352, Judge Lee Yeakel.

ON PETITION FOR PERMISSION TO APPEAL

Before NEWMAN, CLEVENGER, and DYK, Circuit Judges.

DYK, Circuit Judge.

## ORDER

MLB Advanced Media, L.P. petitions for permission to appeal an order certified by the United States District Court for the Western District of Texas as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. DDB Technologies, L.L.C. opposes.

The district court issued an order on December 30, 2009 denying MLB's motion to dismiss based on its conclusion that DDB had legal title to the patents in suit and therefore standing to bring this infringement complaint against MLB. In so doing, the court rejected MLB's assertion that the patents were covered by a patent assignment

agreement between the inventor and his prior employer. The court held that the contract terms assigning patent rights to the employer for inventions relating to or suggested by the employee's work or business were ambiguous. Based on the employer and employee's interactions and representations, the district court determined those terms should be construed narrow to cover only intentions that had a practical benefit to the employer, which the court found did not include the invention in question.

The district court, however, certified that the issue of standing with regard to ownership of the patents in suit addressed in the December 30, 2009 order satisfied the statutory requirements of 28 U.S.C. § 1292(b). Pursuant to that section, DDB seeks review of the order. Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory orders certified by a trial court. See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed. Cir. 1990); 28 U.S.C. § 1292(c)(1). We determine that granting the petition in these circumstances is not warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is denied.

FOR THE COURT

FEB 2 4 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: George E. Quillin, Esq.
    Michael D. Gannon, Esq.
s19

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By:_____ Date: 2/24/10

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
FEB 2 4 2010
JAN HORBALY
CLERK

Misc. 925 — - 2 -